# 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

## FAUBER'S ADM'RS v. GENTRY'S ADM'R.

### September 22d, 1892.

1. PERSONAL REPRESENTATIVES—*Accounting—Estimates—Collections.*—Administrator is chargeable with sums actually collected, and not with estimates made by him as to what *may* be collected on claims due the estate.

2. IDEM—*Settlements by court—Commissions.*—Where in pending suit estate is being settled by the court, the statute as to *ex parte* settlements by fiduciaries and forfeiture of their commissions has no application.

3. IDEM—*Investments in Confederate bonds.*—Where in such suit, by order of the court, investments are made in Confederate bonds, the administrator is not chargeable.

4. IDEM—*Judgment—Injunction—Bond.*—Where judgment for debt to the estate has been enjoined and the injunction not dissolved, administrator is not chargeable. If injunction be dissolved, the debt should be collected by suit on injunction bond.

Argued at Richmond. Decided at Staunton. Appeal from circuit court of Prince Edward, rendered in a cause wherein Thomas P. Fitzgerald, administrator of John W. Gentry, deceased, was plaintiff, and the administrators of one Fauber and others were defendants. The decree being adverse to the defendants, they appealed. Opinion states the case.

*J. L. S. Kirby,* for appellants.

*George M. Cochran,* for appellee.

LACY, J., delivered the opinion of the court.

The original bill was filed in this case on the 29th day of

April, 1856, by the appellee, Thomas P. Fitzpatrick, as the administrator of John W. Gentry, deceased, and set forth that the said Gentry had died intestate in the preceding year, in the county of Nelson, and that the estate had been qualified upon by the widow, Martha Gentry, who, however, finding the estate greatly involved, had been, at her own request, removed, and the complainant had been appointed, and had duly qualified in her stead; that the debts were large, and some of the creditors seeking to embarrass the estate by suits, which would multiply costs; and asking that the estate be administered under the supervison and by the orders and decrees of the court—the circuit court of Nelson county—and the creditors named in the bill, and all other creditors, at that time unknown, be enjoined from proceeding to collect their debts in other suits, and that an account of the debts be taken in this suit; which was ordered accordingly, and the account taken and returned to the court, and, upon motion, recommitted for a further account. In the year following—viz., in the year 1857—the same plaintiff filed a bill in the said court against the heirs of the said Gentry, and therein set forth that the debts ascertained were so large and numerous that a sale of the land was necessary in order to pay them, and that the whole real estate would be necessary to pay the debts; and asking that the same be sold, and the proceeds be administered by the court in the payment of the debts of the intestate. A sale of the lands was ordered, and the administrator appointed to make the sale as the commissioner of the court, which was done, and the same reported to the court and confirmed; whereupon the two causes were united and tried together, and the estate administered by the court; and, the war intervening, it was delayed for some years, until in 1881 a decree was entered directing a sale of land for which one Sterrett had defaulted in payment; and in 1885 a decree was rendered confirming a sale of the same by the commissioner to one Kil-

lian; and, the cause having been removed to the circuit court of Prince Edward county, it was there brought on upon the report of Commissioner Caskie, and the exceptions thereto, at the September term, 1889, when all the exceptions, both of the plaintiff and defendant, were overruled, and the report of the commissioner confirmed; whereupon the case was brought to this court by appeal by the appellants, the creditors and the heirs-at-law of the said Gentry, deceased.

The assignments of error here are that their several exceptions to the commissioner's report were overruled; that the amount stated to be due to the estate from Hamner & Shepherd and Shepherd and Roberts in the first report of Commissioner Whitehead were not charged against the administrator, but less sums were charged. In the first report, at the beginning of the investigation, the amounts were stated to be *estimates* of what might be received from these sources, in determining the probable solvency of the estate, and the necessity for selling the real estate or otherwise. In Commissioner Caskie's report the amounts are charged which the administrator actually collected, and there is no evidence that more could have been collected by any degree of diligence; and the reliance is upon the original estimates of the newly-qualified administrator. But it should be remembered that this was not stated as a receipt or a collection, but as a mere estimate, and can weigh in no degree against the actual facts.

The next exception is to the allowance of commissions to the administrator upon collections, when he had not settled *ex parte* accounts within the time prescribed by the statute. As this estate was being settled by the court in a pending suit, and was settled in court, the statute relied on, as to *ex parte* settlements by fiduciaries and the forfeiture of their commissions, has no application whatever.

The next is as to the allowance for payments made in Confederate currency, when the money in the administrator's

hands was good money, and because the accounts of the administrator and commissioner were mingled. As to the latter, the personal and real assets were administered by the court in this suit, and used in the payment of the debts, as far as the assets would go; and as to the former, the Confederate currency was used to pay the debts of the estate, and its application was judicious, if we presume that Confederate currency was used by reason of the date of the transactions.

The next assignment of error is because the commissioner collected the money due on the land from Powell in Confederate currency, and invested in a Confederate bond, and the cases in this court on that subject are cited and relied on; but the difference here is that the commissioner did not do the act complained of. The land was sold in a pending suit, and when the bond in question became due he refused to collect it, or receive the only currency then in circulation; but, the matter being brought to the attention of the court in the pending suit, to which they were all parties, the court directed the commissioner to collect, and the debtor to pay, and directed the investment, which appeared wise to the court, doubtless, but which cannot be charged upon the administrator or commissioner as a *devastavit*. And the further exception that the commissioner did not collect, and was not charged with interest on, the Confederate bond. He was not ordered to collect this interest, and had no authority to do so otherwise; and, if he had collected it, it would have been, like the bond, a Confederate investment, of no value, as events have transpired, and the complaint would have been the same in a different guise.

The exceptions of the appellants were all overruled, and we perceive no error in this action of the court. As to the exception of the appellee, which was overruled likewise by the court, there is more difficulty. This relates to the debt due by M. H. Spotts to the estate of Gentry, of $500, as of June

1st, 1854. The administrator recovered judgment for this, and issued execution therefor. The debtor, Spotts, brought his suit, and enjoined the collection of this debt, on the ground that Gentry was indebted to him for unpaid purchase-money. This injunction was never dissolved, and in 1881, under the seven-years rule, it was removed from the docket. The judgment against Spotts was not docketed, and so the land upon which it was a lien was sold free of this lien. But the appellee insists that, as the injunction suit stayed the hands of the administrator, he set up a defense which, if true, was a good defense to the debt; and that, as that suit has not been decided, it cannot appear, and does not appear, in the first place, that the debt exists, and it does not if it has been paid to the intestate in his lifetime; and, in the second place, although it may be a subsisting debt, it could not be collected by the administrator during the period during which he was forbidden by the court to collect it; and that, moreover, if the debt exists, and the injunction should be dissolved, the injunction bond is the security provided by law in such case, and to which the parties interested should look, rather than to the administrator, who has never received it, and who has never been able to collect it, so far as this record discloses. We think it was premature to overrule this exception to Commissioner Caskie's report in advance of any evidence showing that Gentry's estate was entitled to collect that debt against his supposed debtor, which can be properly determined in the injunction suit; and, if the injunction shall be dissolved, and the administrator is permitted to collect it, this should be done by suit on the injunction bond. The circuit court of Prince Edward county erred in overruling this exception, and the cause will be remanded to the circuit court of Nelson county, to which it was subsequently sent back from Prince Edward, with instructions to take such steps as may be deemed best to secure the execution of the inquiries stated above; and

in all other respects the said decree is affirmed, but in the particular stated it is reversed and annulled.

FAUNTLEROY, J., *dissented.*

The decree was as follows:

This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the decrees aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the decree of the circuit court of Prince Edward county, rendered herein at the September term, 1887, is erroneous in so far as it overrules the exception to Commissioner Caskie's report by the appellee, Thomas P. Fitzpatrick, administrator of J. W. Gentry, deceased, because he is charged with the loss of the Spotts' judgment; and that there is no other error in the said decree.

The court doth therefore adjudge and order that the said decree be reversed and annulled in so far as it is herein declared to be erroneous, and in all other respects affirmed. And the cause is remanded to the said circuit court of Nelson county for further proceedings to be had therein in accordance with the foregoing opinion of this court and the views herein.

And the court doth further adjudge and order that the appellants do pay to the appellee his costs by him expended in his defence in this appeal. Which is ordered to be certified to the circuit court of Nelson county.

DECREE REVERSED IN PART AND AFFIRMED IN PART.